UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-62093-UU

ALFREDO QUINTERO,

    Plaintiff,

v.

GEICO MARINE INSURANCE CO.,

    Defendant.

_____/

### ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (the "Motion"). D.E. 55. The Court has reviewed the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed *infra*, the Motion is DENIED.

**I.  Background**

    A.  Summary Judgment & Sanctions

On February 14 and 15, 2019 the parties filed cross-motions for summary judgment, and Plaintiff then moved for an extension to respond to Geico's motion on grounds that certain depositions were outstanding. Given that the motion cutoff had not yet expired, the Court granted Quintero a minor extension until March 14, 2019 to respond to Geico's motion for summary judgment. D.E. 38. In that order, the Court stated:

> Plaintiff SHALL FILE his response to Defendant's Motion for Summary Judgment **by Thursday, March 14, 2019.** NO FURTHER EXTENSIONS WILL BE GRANTED AND THE COURT WILL NOT CONSIDER ANY RESPONSES FILED AFTER THIS DATE.

*Id.* at 5 (emphasis in original).

1

Despite the Court's explicit warning that it would not consider responses filed after this date, Quintero filed his response to Geico's Motion on March 15, 2019, a day after the deadline the Court imposed for his response. D.E. 39. Nevertheless, the Court entertained Quintero's Motion, but found it to be without merit as under the doctrine of *uberrimae fidei*, Quintero was responsible for the statements he made in renewing his policy with Geico.

While the cross-motions were pending, Plaintiff filed a motion for sanctions, arguing that Geico had misrepresented that the policy expired, that Geico took this position in bad faith in its Motions and was misrepresenting the state of affairs to the Court. D.E .44. In his Motion for Summary Judgment and in opposition to Defendant's Motion, Plaintiff reiterated this allegation. The Court thoroughly considered the record and Plaintiff's argument and found it to be without merit. D.E. 53 at 15-16.

### B. The Instant Motion

In the instant Motion, Plaintiff <u>again</u> reiterates that Geico's deposition testimony conflicts with this Court's findings that Plaintiff renewed his insurance policy, that the policy never lapsed, and that Geico would have renewed the policy regardless of whether the boat was stolen. D.E. 55. As a result, Plaintiff argues that the Court should reconsider its Order pursuant to Rule 59 and Rule 60, and find that:

> as testified to by GEICO's corporate representative the Plaintiff did not request a cancellation or expiration of the Policy; that the Policy was never cancelled or non-renewed; that the Policy was in full force and effect on May 4, 2018 and until the theft occurred on May 25, 2018; that the Policy provided coverage for the theft and thereby the Plaintiff is entitled to final judgment accordingly; that the Plaintiff is entitled to common law or statutory interest for the breach of the insurance contract; that the Plaintiff and its counsel are entitled to an award of reasonable attorneys' fees and costs; that the Defendant perpetrated a fraud on the Court by knowingly relying upon an affidavit that it knew was perjurious and/or otherwise false; that pursuant to the common law doctrines of waiver or estoppel the Defendant forfeited any defense of material misrepresentation in accepting the Risk by at all times conveying that it would continue to accept premiums even though it was on notice of the putative material misrepresentation on the same day of the loss and every day thereafter, until it attempted to

rescind the Policy some three-hundred (300) days later; and/or any other relief that this Court deems necessary and/or equitable.

D.E. 55 at 13.

## II. Legal Standard

District courts "may set aside a final default judgment under Rule 60(b)." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743 (11th Cir. 2017). "Rule 60(b) lists a number of grounds for relief from a final judgment, including … mistake, inadvertence, surprise, or excusable neglect, and any other reason that justifies relief." *Id.* (citing Fed. R. Civ. P. 60(b)). The determination of excusable neglect is "is an equitable one, taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993). In *Pioneer*, the Supreme Court found four factors relevant in assessing excusable neglect: (1) the danger of prejudice to the [opposing party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

"While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004). In order to succeed on a Rule 59(e) motion, "the moving party must set forth facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." *Id.* at 1358.

## III. Analysis

Plaintiffs' arguments were all thoroughly addressed in the Court's order on the parties' cross-motions for summary judgment and the Court emphatically does not find that Plaintiff has set forth

3

facts or law "of a strongly convincing nature." Moreover, Plaintiff points to no new evidence, effectively arguing that this Court misread the deposition testimony and/or that the deposition testimony was false. Plaintiff effectively seeks to relitigate every issue he raised in his motion for summary judgment; this is impermissible and arguably sanctionable. Thus, the Court finds that Plaintiff has not met his burden under Rule 59 of demonstrating manifest errors of law or fact or demonstrating that this Court has made a mistake pursuant to Rule 60. Therefore, there are no grounds for reconsideration or setting aside the judgment and the Motion is denied.

Nevertheless, for the sake of absolute clarity, the Court will briefly address each of Plaintiff's points below, with reference to the corresponding discussion in the Court's order on motion for summary judgment.

### A. Whether the Policy Expired or Plaintiff Requested a Cancellation of the Policy is Irrelevant

Plaintiff argues that pursuant to the deposition testimony of Geico's representative, "Plaintiff did not request a cancellation or expiration of the Policy." D.E. 55. Consequently, Plaintiff argues that the Policy never lapsed and there was coverage for his stolen vessel. First, the Court disagrees with Plaintiff as the record does not demonstrate any genuine dispute as to this issue. Having exhaustively reviewed the deposition testimony, telephone transcripts and notice of expiration, the Court stated: "the Policy, the Notice of Expiration, and the recorded telephone transcripts indicate that the previous policy's term expired on May 5, 2018 and that Quintero called to reinstate his Policy on May 25, 2018 after the Vessel had been stolen." D.E. 53 at 16. The fact that Plaintiff disagrees with this Court's conclusion does not entitle him to an altered judgment.

Second and more importantly:

> Quintero never explains the relevance of this position with regard to his obligations under *uberrimae fidei*; his sole argument against the application of *uberrimae fidei* is that the

4

> parties' contracted around it. **Even if Quintero is correct that the Policy never lapsed, Quintero's misrepresentations regarding the status of the Vessel during the May 25, 2018 call, void the Policy *ab initio*, regardless of whether the Policy was renewed, cancelled, or expired because Quintero failed to fully and voluntarily disclose to Geico insurer all facts material to the risk that Geico assumed when insuring the Vessel.**

D.E. 53 at 16. Plaintiff still fails to explain the relevance of this argument to his obligations under *uberrimae fidei*.

### B. Plaintiff's Waiver and Estoppel Arguments were Addressed and Found Meritless

Next, Plaintiff requests that the Court address his argument that Geico continued to accept premiums, waiving any material misrepresentations. But, the Court explained that under binding Eleventh Circuit precedent, *uberrimae fidei* voided the insurance contract at issue *ab initio* rendering Plaintiff's waiver and estoppel arguments immaterial. *HIH Marine Servs., Inc. v. Fraser*, 211 F.3d 1359, 1359 (11th Cir. 2000) ("[W]e focus on the issue of material misrepresentation because a finding of material misrepresentation in this marine insurance case voids the policy and **renders immaterial the appellants' arguments on insurable interest and waiver and estoppel**.") (emphasis added); *Certain Underwriters at Lloyds, London v. Giroire*, 27 F. Supp. 2d 1306, 1306 (S.D. Fla. 1998) ("**There has been no indication from the Eleventh Circuit that affirmative defenses such as waiver and estoppel may be used to avoid the time-honored obligation of good faith and full disclosure**.") (emphasis added).

Nevertheless, the Court briefly discussed the merits of these arguments:

> Quintero asserts that Geico waived any denial of coverage because it "had knowledge" of the misrepresentation and because it continued to collect premiums and recognize the existence of the policy until January 2019. D.E. 39 at 11- 12; *see Johnson v. Life Ins. Co. of Ga.*, 52 So.2d 813 (Fla. 1951) (explaining that "when an insurer has knowledge of the existence of facts justifying a forfeiture of the policy, any unequivocal act which recognizes the continued existence of the policy or which is wholly inconsistent with a forfeiture, will constitute a waiver the Policy."). But, the Policy is not governed by Florida law, it is governed by "United States federal admiralty law." D.E. 15-3 at 1. As such, Quintero's argument relying on Florida law is not persuasive. *See Giroire*, 27 F. Supp. 2d at 1312 (Explaining that in the Eleventh Circuit,

uberrimae fidei, and not Florida law, controlled the parties' obligations in marine insurance contracts, and therefore the insured's arguments that the insurer waived forfeiting the policy because it had constructive knowledge of material misrepresentation was not persuasive.).

D.E. 53 at 15.

### C. There is No Evidence of Perjury Warranting Reconsideration

Lastly, the Court finds that Plaintiff's allegation that Geico committed perjury by providing fraudulent deposition testimony to be without merit. Plaintiff's sole basis for this claim is that Geico's affidavit, in which Geico affirms it would not have issued the policy had it known the condition of the boat, was "superseded by the deposition testimony that followed, which indicated that the subject policy was renewed without any underwriting consideration and without regard for the condition of the boat." D.E. 55 at 12.

First, the very deposition text Plaintiff cites undercuts its argument:

Q: Can you say it was material, sir, the insured's statements to the insurance company in the sense of the insurance company would not have issued - - or maintained the policy as of May 5th, 2018 forward but for the insured being subjected to some number of questions as posed on May 25th, 2018.

A: **As a claims adjuster, I can't answer that. That's a question that would have to be answered by an underwriting manager**.

DE 40-1 at 169 ¶ 12 (emphasis added).

Second, the Court did not rely exclusively on Geico's affidavit that the boat not being stolen was "material" to the reissuance of the Policy. "Materiality under federal maritime law is broader in application than Florida law . . . Under federal law, 'materiality' is defined as 'that which could possibly influence the mind of a prudent and intelligent insurer in determining whether he would accept the risk.'" *Giroire,* 27 F. Supp. 2d at 1312-13 (quotation omitted). As the Court noted, whether or not a vessel is stolen would plainly influence the mind of a prudent and intelligent insurer, regardless of whether Geico had provided an affidavit to that effect: "There is also no

6

genuine dispute as to whether these facts are material to the calculation of the risk of insuring the Vessel; insuring a stolen Vessel is akin to insuring a loss." D.E. 53 at 8 n.2; *See also Gulfstream Cargo, Ltd. v. Reliance Ins. Co.*, 409 F.2d 974, 982 (5th Cir.1969) (explaining that insurer had "absolute right to demand full, open, honest, complete, accurate disclosure of facts then well known which bore directly upon the condition of the vessel.") (emphasis added); *State Nat. Ins. Co. v. Anzhela Explorer, L.L.C.,* 812 F. Supp. 2d 1326, 1356 (S.D. Fla. 2011) (holding that whether bulkheads were watertight was material under *uberrimae fidei* because it affected the condition of the boat and the risk the insurer undertook in insuring the boat). That a vessel being stolen is material to the risk an insurer undertakes in insuring a vessel is simply common sense. Accordingly, the Court does not find Plaintiff's argument persuasive.

**IV.    Conclusion**

For the reasons discussed *supra*, it is

ORDERED AND ADJUDGED that the Motion, D.E. 55, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _26th__ day of June, 2019.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record