UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 18-62093-CIV-UNGARO/HUNT

ALFREDO QUINTERO,

    Plaintiff,

v.

GEICO MARINE INSURANCE CO.,

    Defendant.

_____/

## ORDER

This matter is before this Court on Defendant's Motion to Tax Costs and Motion to Recover Expenses, Including Attorney's Fees filed on May 30, 2019. ECF No. 56. This Motion was referred to the undersigned on June 4, 2019. ECF No. 57; *See* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. After careful review of the Motion, the Response and Reply, and applicable case law, it is hereby ORDERED and ADJUDGED that Defendant's Motion is GRANTED for reasons more fully stated below.

### Background

Plaintiff filed this action in state court on July 31, 2018, seeking insurance coverage for the alleged theft of a vessel and trailer insured by Defendant GEICO Marine Insurance Company ("GEICO"). This matter was removed to federal court on September 4, 2018. ECF No. 1. During the course of this litigation, a dispute between the parties arose regarding the scope and scheduling of the parties' depositions. Defendant subsequently filed an Emergency Motion to Compel and Plaintiff filed a Response and Motion for

Protective Order. Defendant then filed a Reply. ECF Nos. 19, 25, & 26. The Court ultimately granted Defendant's Motion to Compel.

On February 14, 2019, Defendant filed its Motion for Summary Judgment. On April 29, 2019, this Court granted Defendant's Motion for Summary Judgment and entered Final Judgment in favor of Defendant. ECF Nos. 53 & 54. Defendant now files this Motion whereby Defendant requests $4,515.81 in costs and $781.00 in attorney's fees. ECF No. 56.

Analysis

Federal Rule of Civil Procedure 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The award of costs is largely controlled by statute. Under 28 U.S.C. § 1920, the court may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services of Section 1828 of this title.

Defendant seeks $400.00 in fees of the clerk, $175.00 in fees for serving subpoenas, and $3,940.81 for deposition and transcription fees, for a total of $4,515.81. The undersigned finds that the requested costs are all statutorily permitted and

reasonable under the circumstances. Plaintiff argues that Defendant has not provided a reason for videotaping Plaintiff's deposition. However, the undersigned finds that since this was a case involving alleged insurance fraud, Plaintiff's videotaped deposition could have been used for credibility and impeachment purposes at trial. In addition, Plaintiff never objected to his deposition being videotaped. In fact, the email correspondence between counsel regarding Plaintiff's deposition reflects Plaintiff's counsel did not raise an objection to the videotaping of the deposition. As such, the undersigned concludes that Plaintiff's objection to the costs associated with Plaintiff's videotaped deposition is waived and the videotaping was reasonable. Indeed, the undersigned finds that all the depositions and transcribed recorded statements are compensable as they could have been or were used for purposes of this case. Therefore, Defendant's request for $3,940.81 associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case is GRANTED.

Regarding the recovery of expenses for subpoenas, the undersigned concludes that it is authorized by 28 U.S.C. § 1920 and Florida Statute § 92.142. To the extent that Plaintiff objects to the amount of the costs Defendant seeks, the undersigned finds that the amount is reasonable given the circumstances and is not duplicative or ambiguous. Therefore, Defendant's request for $175.00 associated with fees for subpoenas is GRANTED.

Insofar as Plaintiff did not object to the reimbursement of the $400 clerk fee, Defendant's request for that amount is GRANTED.

Defendant also requests $781.00 in attorney's fees associated with its Motion to Compel (ECF No. 19). Regarding Defendant's request for attorney's fees, this Court finds

that Defendant was required to file the Motion, review Plaintiff's lengthy Response, file its Reply, and compile and attach multiple exhibits to both of its pleadings. The undersigned has allotted approximately three hours in attorney time for this work product, which is a conservative estimate. Further, in light of this Court's knowledge of the attorney fee rates charged in this community, the request for $781.00 is reasonable. Therefore, Defendant is awarded $781.00 in attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5).

In sum, the undersigned awards Defendant the requested costs of $4,515.81 and $781.00 in attorney's fees.

DONE AND ORDERED at Fort Lauderdale, Florida this 10th day of July 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Ursula Ungaro
All Counsel of Record